IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DISTRICT DIVISION

SONJA CUNNINGHAM                                       PLAINTIFF

vs.                                                          CASE NO.: 3:20-cv-11-TSL-RHW

SISO, INC. and,
MINAL PATEL, Individually                              DEFENDANTS

## FAIR LABOR STANDARDS ACT VERIFIED COMPLAINT

Plaintiff, SONJA CUNNINGHAM ("Plaintiff"), was an employee of Defendants, SISO, INC. (hereinafter "SISO"); and MINAL PATEL, Individually (hereinafter "PATEL"), hereinafter collectively referred to as "Defendants" and brings this action for unpaid minimum wage compensation, unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA").

## NATURE OF LAWSUIT

1. The FLSA was passed by Congress in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of

commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. This is an action by the Plaintiff against her former employer for unpaid minimum wage compensation, unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiff seeks liquidated damages, reasonable attorney's fees, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

3. Additionally, Plaintiff seeks a declaration of rights pursuant to Fed.R.Civ.P. 57 and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

## JURISDICTION AND VENUE

4. Jurisdiction is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA, 29 U.S.C. §216(b).

6. Venue is proper in this Court because Plaintiff worked for Defendants within this District during the relevant time period subject to this Complaint, Defendants maintained a business operation with the District, and because a substantial part of the events and/or omissions giving rise to the claims asserted herein arose in a substantial part within the District.

7. The Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

8. Plaintiff, Sonja Cunningham, worked as a housekeeper and performed related activities for Defendants in, among others, Simpson County, Mississippi.

9. Defendant, Siso, Inc. is a company that operates and conducts business in, among others, Simpson County, Mississippi.

10. Defendant, Minal Patel, is an individual who, upon information and belief, lives and resides in the State of Mississippi, and conducts business in Simpson County, Mississippi.

11. Upon information and belief, Minal Patel, is an individual resident of the State of Mississippi, who owns and operates Siso, Inc., and who regularly exercised the authority to: (a) hire and fire employees of Siso, Inc.; (b) determine the work schedules for the employees of Siso, Inc.; and (c) control the finances and operations of Siso, Inc.; and, by virtue of having regularly exercised that authority on behalf of Siso, Inc., Minal Patel is an employer as defined by 29 U.S.C. §201, *et seq.*

12. At all material times hereto, Defendants were "joint employers" of Plaintiff within the meaning of the FLSA.

13. At all material times hereto, Defendants operated and continues to operate as a "joint enterprise" within the meaning of the FLSA.

14. At all material times hereto, Defendants operated and continues to operate as an "integrated enterprise" within the meaning of the FLSA.

15. At all material times hereto, Defendants jointly employed the same employees, in the same or similar role, simultaneously as one joint enterprise.

## COVERAGE

16. At all material times hereto, Plaintiff was an "employee" within the meaning of the FLSA.

17. At all material times hereto, Defendants were the "employer" of Plaintiff within the meaning of the FLSA.

18. At all material times hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

19. At all material times hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

20. At all material times hereto, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

21. Based upon information and belief, Defendants earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto (2017 - 2020).

22. At all material times hereto, Defendants employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

23. At all material times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that she:

      a.      Operated instrumentalities of commerce;

      b.      Transported goods in commerce;

      c.      Used channels of commerce;

      d.      Communicated across state lines; and/or

      e.      Performed work essential to any of the preceding activities.

24. At all material times hereto, the work performed by Plaintiff was directly essential to the business conducted by Defendants.

25. At all material times hereto, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff, performed services for Defendants for which no provisions were made by Defendants to compensate Plaintiff at least the federal minimum wage in given work week and to properly pay Plaintiff for those hours worked in excess of forty (40) hours within a work week.

26. Defendants and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

27. Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiff and amounts paid to Plaintiff are in the possession, custody and control of Defendants.

## FACTUAL ALLEGATIONS

28. Defendants own and operate hotels in Simpson County, Mississippi. Specifically, Defendants own and operate a "Holiday Inn Express and Suites" located at

1591 U.S. Highway 49, Magee, Mississippi 39111 and a "Best Western Plus" located at 401 8th Avenue, Magee, Mississippi 39111.

29. In August of 2017, Plaintiff relocated from her home in Maroon Town, Jamaica to Magee, Mississippi for the sole purpose of securing employment with Defendants.

30. Plaintiff worked as a non-exempt "housekeeper" for Defendants and performed related activities, such as cleaning guest rooms, laundry, etc. at both of Defendants' hotel locations.

31. At Defendants' Holiday Inn Express and Suites location, Plaintiff was paid a flat rate of $4.00 per room cleaned, regardless of the number of hours she actually worked.

32. Plaintiff typically worked a daytime shift at this location from approximately to 7:30 a.m. to 4 p.m., seven days per week.

33. At Defendants' Best Western Plus location, Plaintiff was paid $8.50 per hour to clean the laundry.

34. Plaintiff typically worked a night shift at this location from approximately 5:00 p.m. to 9:00 p.m., seven days per week.

35. Plaintiff worked over forty (40) hours in one week for one or more weeks while employed by Defendants within the past three (3) years.

36. Plaintiff specifically alleges that she routinely worked over eighty (80) hours per week between the two hotel locations during her employ with Defendants.

37. Plaintiff was not paid time and one-half compensation for all overtime hours she worked during one or more workweeks.

38. Furthermore, Defendants failed to pay anything Plaintiff whatsoever for worked performed after she left the Defendants' employ in October of 2018.

39. In this respect, Plaintiff was not paid the full federal minimum wage for all hours worked during one or more workweeks.

40. At all relevant times, Defendants implemented and maintained a pay scheme in violation of the FLSA in that they failed to ensure that Plaintiff was being paid the requisite minimum wage for all hours worked, they failed to compensate Plaintiff anything for hours worked over forty (40) in a given week and they failed to record and maintain Plaintiff's actual work hours. As such, Defendant failed to comply with 29 U.S.C. §§ 201-209.

41. Upon information and belief, the records — to the extent such records exist — concerning the number of hours worked and amounts paid to Plaintiff are in the possession, custody, or control of Defendants.

42. The burden of proof regarding the precise number of hours worked by Plaintiff belongs to Defendants.

### COUNT I - RECOVERY OF MINIMUM WAGES AGAINST ALL DEFENDANTS

43. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-42 above.

44  Plaintiff is entitled to be paid at least the minimum wage for all hours worked in a given workweek with Defendants.

45. Defendants failed to make final payment to Plaintiff for work performed. As such Defendants willfully failed to pay Plaintiff minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

46. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II – RECOVERY OF OVERTIME COMPENSATION AGAINST ALL DEFENDANTS

47. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-42 above.

48. Plaintiff is entitled to be paid at least time and one half her regular rate of pay for all hours worked over forty (40) hours within a workweek during his employment with Defendants.

49. Plaintiff demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate her for the same.

50. As a result of Defendants' actions in this regard, Plaintiff has not been paid the correct overtime wage for each hour worked during one or more weeks of employment with Defendants.

51. Specifically, Defendants only paid Plaintiff a piece rate for her housekeeping duties, regardless of the total number of hours worked in a given day, which resulted in Defendants' failure to properly compensate Plaintiff at a rate of time and a half for all hours worked over forty (40) hours in a workweek (overtime hours).

52. Plaintiff has made several complaints about not being paid overtime at a

rate of time and one half; however, Defendants failed and/or refused to rectify the matter with Plaintiff.

53. Defendants willfully failed to pay Plaintiff correct overtime wages for one or more weeks of work contrary to 29 U.S.C. § 206.

54. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of overtime wages for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendants did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III - DECLARATORY RELIEF AGAINST ALL DEFENDANTS

55. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-42 above.

56. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. §1331, as a federal question exists.

57. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202.

58. Plaintiff may obtain declaratory relief.

59. Defendants jointly employed Plaintiff.

60. Defendant, Minal Patel, is an individual employer as defined by 29 U.S.C. § 201, *et seq.*

61. Plaintiff was individually covered by the FLSA.

62. Defendants failed to properly pay Plaintiff for all the hours worked.

63. Plaintiff is entitled to overtime pursuant to 29 U.S.C. §207(a)(l).

64. Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29C.F.R. Part 516.

65. Defendants did not rely on a good faith defense.

66. Plaintiff is entitled to an equal amount of liquidated damages.

67. It is in the public interest to have these declarations of rights recorded.

68. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

69. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

a. Awarding Plaintiff minimum wage compensation in the amount due to her for hours worked without receiving the equivalent of minimum wage.

b. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

c. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per workweek;

d.    Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

e.    Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

f.    Awarding Plaintiff pre-judgment interest; and

g.    Ordering any other further relief the Court deems just and proper.

DATED, this 8th day of January, 2020.

Respectfully submitted,
SONJA CUNNINGHAM, PLAINTIFF

*/s/ Christopher W. Espy*

**CHRISTOPHER W. ESPY, ESQ.**
Christopher W. Espy, Esq. (MSB#: 102424)
Espy Law, PLLC
P.O. Box 13722
Jackson, Mississippi 39236
Phone: 601-812-5300
Fax:   601-362-8382
Email: chris.espy@espylawpllc.com

**ATTORNEY FOR PLAINTIFF**

STATE OF FLORIDA
COUNTY OF ORANGE

I, Sonja Cunningham declare under the penalty of perjury, pursuant to 28 U.S.C. §1746 that the factual allegations in this Complaint are true and correct based on my personal knowledge.

_Sonja Cunningham_
SONJA CUNNINGHAM, PLAINTIFF

_1-7-2020_
DATE